**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1314
_____

FRANKLIN RAMIREZ-PEREZ; Y. R. M.,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency Case Nos. A208-561-861 & A208-561-862)
Immigration Judge: Mary C. Lee
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 8, 2024
_____

Before: MATEY, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*

(Filed: August 9, 2024)
_____

OPINION[*]
_____

_____

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

**MATEY**, *Circuit Judge*.

Franklin Ramirez-Perez petitions for review of the Board of Immigration Appeals (BIA)'s denial of his claims for asylum, withholding of removal, and protection under the Convention Against Torture. Seeing no error, we will deny the petition.[1]

Asylum requires Ramirez-Perez show "persecution or a well-founded fear of persecution on account of . . . membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Such persecution must be "committed by the government or forces the government is either unable or unwilling to control." *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002) (citation omitted), *as amended* (Aug. 30, 2002). Ramirez-Perez raises two bases for asylum.

First, that a family-based land dispute has caused past persecution and a well-founded fear of future persecution "on account of his membership in the particular social groups 'members of the Ramirez Perez family' and 'Land Owning Families in Cuilco, Guatemala.'" App. 52. The claim centers on land owned by Ramirez-Perez's father in Vuelta Grande, Guatemala. For decades, there have been land-based conflicts between Vuelta Grande residents and a neighboring community, some involving Ramirez-Perez's cousins. Ramirez-Perez believes that he faces risks in returning to Guatemala, noting both

---

[1] The BIA had jurisdiction under 8 U.S.C. § 1229a, and we have jurisdiction over review of final orders of removal under 8 U.S.C. § 1252(a)(1). We review the BIA's legal decisions de novo and any factual determinations and findings of credibility for substantial evidence. *B.C. v. Att'y Gen.*, 12 F.4th 306, 313 (3d Cir. 2021).

that his father continues to receive threats and that local authorities have not acted on previous complaints.

Substantial evidence supports the agency's findings that Ramirez-Perez did not meet the statutory standard. The land disputes have involved general, rather than targeted, violence or persecution. Indeed, his family has not been attacked in two decades and his elderly father has lived on the land without incident for the past five years. And, in any event, Ramirez-Perez has no ownership rights to the land.

Second, Ramirez-Perez raises persecution for his political opinion. In 2014, he was attacked for performing a song during a campaign rally for a mayoral candidate. Ramirez-Perez was not otherwise active or involved in politics, and he lived in Vuelta Grande without incident for over a year after the election. None of the rest of the band members were attacked, although the band's founder was threatened. Substantial evidence supports the agency's findings that Ramirez-Perez did not establish past persecution based on his imputed political opinion.[2] While the IJ found his attackers "were motivated because of an imputed political opinion," App. 56, this isolated incident a decade past with no serious injury is not severe enough to constitute past persecution.[3]

\* \* \*

---

[2] Ramirez-Perez did not raise fear of future persecution based on political opinion before the BIA, forfeiting this issue.

[3] Because Ramirez-Perez is not eligible for asylum, the agency correctly held that he could not satisfy the standard for withholding removal. *See Cazun v. Att'y Gen. United States*, 856 F.3d 249, 252 n.3 (3d Cir. 2017). So too his claim for protection under the Convention Against Torture, which requires a higher showing—that it is "more likely than not" that he "would be tortured if removed to" Guatemala. 8 C.F.R. § 1208.16(c)(2); *see also Cazun*, 856 F.3d at 252 n.3.

For these reasons, we will deny the petition for review.[4]

---

[4] Ramirez-Perez also argues that the IJ should have recused, but he did not raise this issue in his administrative challenges, so the issue is forfeited.